Filed 6/17/26  P. v. Alemi CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>YOSEF ALEMI,<br><br>　　　　Defendant and Appellant. | A174355<br><br>(Alameda County Super. Ct. No. 21-CR-012322) |

Yosef Alemi appeals after he pled no contest to unlawfully taking a vehicle without its owner's consent (Veh. Code, § 10851, subd. (a)) and the trial court placed him on probation for two years.  Alemi asserts the trial court should be directed to reconsider a restitution fine, a probation revocation restitution fine, and ancillary costs imposed without consideration of his ability to pay.  We agree that remand is required for reconsideration of fines and fees but otherwise affirm.

### BACKGROUND

#### A.

On October 13, 2021, Christine H. was sitting in her car at a gas station when Alemi pulled the door open—overcoming Christine's efforts to hold it shut.  Alemi grabbed Christine's arm, she screamed, and the two struggled.  Christine eventually exited her car but left the keys in the ignition.  Alemi got in and drove

1

the car away from the gas station.  Christine's car was returned after Alemi's arrest.

**B.**

The Alameda County District Attorney charged Alemi, via information, with carjacking (Pen. Code, § 215, subd. (a)).[1]  The information further alleged that Alemi had suffered a prior conviction that was a serious felony (§ 667, subd. (a)(1)) and a "strike" (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)).

After an unsuccessful attempt at mental health diversion (Pen. Code, §§ 1001.35, 1001.36), Alemi pled no contest, in exchange for a two-year probationary sentence, to the lesser included offense of unlawfully taking a vehicle without its owner's consent (Veh. Code, § 10851, subd. (a)).  He also admitted an aggravating circumstance (Cal. Rules of Court, rule 4.421(b)(4))—that he had been on post release community supervision when he committed the offense.  Pursuant to the negotiated disposition, the trial court suspended imposition of sentence and ordered two years of formal probation.  The People dismissed the remaining allegations.

Alemi's counsel asked the trial court to waive fines and fees.  Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), disapproved in part by *People v. Kopp* (2025) 19 Cal.5th 1, 23, fn. 17 (*Kopp*), Alemi's counsel stated he was unable to pay them because he was unemployed and had no other source of income.  The trial court denied Alemi's request to consider his inability to pay and the court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)(1)), a (suspended) $300 probation revocation restitution fine (*id.*, § 1202.44), a $40 court operations assessment (*id.*, § 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)).  The court stated: "I do have questions about *Dueñas*. . . . And I've been very

---

[1] Undesignated statutory references are to the Penal Code.

2

receptive to granting these; probably more than anyone. [¶] But in this case, because of probation's strong stance on rejecting this plea, based on the victim in this case, I'm going to impose it."

## DISCUSSION

Citing *Kopp, supra,* 19 Cal.5th 1, which was decided after his sentencing, Alemi contends the judgment should be reversed and remanded so the trial court may reconsider his ability to pay the imposed restitution fine, probation revocation restitution fine, and assessments. We agree that remand is required.

Our Supreme Court decided, in *Kopp, supra*, 19 Cal.5th 1, that a defendant may challenge the imposition of a punitive fine under the United States and California Constitutions' excessive fines provisions. (*Id.* at pp. 23, 30.)[2] The court used the "fine" term to refer to penalties provided by the Legislature to punish a criminal offense and included restitution fines (Pen. Code, § 1202.4) and parole revocation restitution fines (*id.*, § 1202.45) within that category. (*Kopp,* at pp. 11-15.) *Kopp* also held that equal protection principles require trial courts, if requested, to consider a defendant's ability to pay before imposing ancillary costs that fund the courts—such as court operations (Pen. Code, § 1465.8, subd. (a)(1)) and facilities assessments (Gov. Code, § 70373, subd. (a)(1)). (*Kopp*, at pp. 24-29, 30-31.) Accordingly, the court directed the trial court on remand to consider the defendant's ability to pay before imposing those assessments. (*Id.* at p. 31.)

Alemi and the People agree that *Kopp* mandates reversal of the court operations and court facilities assessments imposed in

---

[2] The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Article I, section 17 of the California Constitution similarly prohibits "[c]ruel or unusual punishment" and "excessive fines."

3

this case. We agree that, because the trial court failed to consider Alemi's ability to pay such ancillary costs despite his request, we must remand for such consideration. (See *Kopp, supra,* 19 Cal.5th at pp. 14-15, 24-31.) Because there is no rational basis for distinguishing criminal defendants from indigent civil litigants—who are afforded waivers for similar assessments—equal protection principles require the trial court to consider a defendant's inability to pay before imposing these ancillary costs. (*Id*. at pp. 25, 28, 30.)

Alemi also requests the opportunity to challenge the $300 restitution fine and the $300 probation revocation fine under the excessive fines clause. The People insist we should affirm imposition of these fines—arguing that Alemi either forfeited the argument by failing to sufficiently support it in his opening brief or that the $300 fines are not disproportionate as a matter of law. (See *United States v. Bajakajian* (1998) 524 U.S. 321, 334 ["[t]he touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: [t]he amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish"]; *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 [same].)

Our Supreme Court only recently decided that an excessive fines analysis, "which considers ability to pay, is the proper vehicle to challenge punitive fines." (*Kopp, supra,* 19 Cal.5th at p. 23.) Because *Kopp* was decided *after* Alemi was sentenced and he previously relied solely on *Dueñas, supra,* 30 Cal.App.5th 1157, we agree that Alemi, like the defendant in the high court's case, should be given the opportunity to develop an excessive fines argument in the first instance on remand. (*Kopp,* at p. 23 ["[w]e remand to give [the defendant] the opportunity to assert the legal analyses applicable to such a challenge and argue how the particular facts of this case inform such an inquiry"].) We express no opinion on the merits of that analysis.

## DISPOSITION

We vacate the court operations assessment ($40), the court facilities assessment ($30), the restitution fine ($300), and the probation revocation restitution fine ($300).  The matter is remanded to the trial court solely for further proceedings, consistent with this opinion and *Kopp supra,* 19 Cal.5th 1*,* concerning the imposition of fines and ancillary costs.  In all other respects, the judgment is affirmed.

BURNS, J.

WE CONCUR:


SIMONS, ACTING P. J.
CHOU, J.

*People v. Alemi (A174355)*

5